UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FRANKLIN L. WILLIAMS, )
  )
  Plaintiff, )
  )
v. ) Case No. CV411-213
  )
RICHARD M. DARDEN, )
  )
  Defendant. )

## REPORT AND RECOMMENDATION

Franklin L. Williams brings this 42 U.S.C. § 1983 claim against his former defense counsel, Richard M. Darden.[1] Doc. 1. He alleges that he

---

[1] Since he has completed his IFP paperwork, docs. 7 & 8, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to sua sponte dismiss a claim of a plaintiff proceeding in forma pauperis for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 1 n. 1 (11th Cir. Sep. 26, 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8

1

paid Darden $27,000 to represent him on appeal from a federal conviction but Darden then failed to litigate to his satisfaction. *Id.* at 5; *see also United States v. Williams*, 262 F. App'x 165, 170-71, 174 (11th Cir. 2008) (affirming his conviction and sentence on drug charges and noting that Darden represented him during sentencing as well as on that appeal).[2] And, in a letter to a judge on this Court, he explains that Darden "denied to represent me as my attorney by not working for the attorney fee; I payed [sic] him $27,000 in 2 weeks, he only showed bad faith to me and my family." Doc. 6 at 1. Williams thus wants his money back, plus "pain and suffering" damages and "a new trial granted as to the interest of justice." Doc. 1 at 6, 7.

Williams has not alleged an indispensable prerequisite to a § 1983 suit here -- that Darden acted under color of state law during his representation. 42 U.S.C. § 1983 (offering a remedy for the deprivation

---

announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se pleadings are still construed liberally after *Iqbal*).

[2] Williams has been litigating against his conviction and sentence non-stop. *See Williams v. United States*, CV511-077, 2011 WL 5103807 at * 1 (S.D. Ga. Aug. 18, 2011) (noting multiple, unsuccessful 28 U.S.C. § 2255 filings and advising dismissal of his latest § 2255 motion as successive), *adopted*, 2011 WL 6026601 (S.D. Ga. Dec. 2, 2011); CR506-014, doc. 423 (his latest § 2255 motion, filed Jan. 11, 2012).

of a citizen's constitutional rights by actors operating under color of state law). Just as "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Polk County v. Dobson*, 454 U.S. 312, 325 (1981), the same is true for publicly provided or privately retained defense lawyers. *Nelson v. Stratton*, 469 F.2d 1155, 1155 (5th Cir. 1972) (retained counsel does not act under color of state law); *Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) ("an attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens*[3] action") (footnote added); *Reese v. Oliver*, 2011 WL 2940947 at * 3 (S.D. Ala. Jun. 20, 2011). Plaintiff's § 1983 allegations are based on Darden's actions while Darden "perform[ed] a lawyer's traditional functions" as described in *Dobson*. Hence, he was not acting under color of state law and cannot be found liable under § 1983.

Finally, to the extent Williams seeks "a new trial," doc. 1 at 6, he in

---

3. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Williams does not raise a *Bivens* claim, though it is analogous to § 1983, nor could he go anywhere with it if he did, as *Bivens* does not afford a remedy against the defense attorney who acts neither under state law nor federal authority in representing a defendant charged with a federal crime.

substance (which controls over form here) once again invokes § 2255, *see supra* n. 2, in that he in effect is alleging illegal incarceration as a result of Darden's deficient performance during his federal criminal trial proceedings. Plaintiff "cannot maintain his civil rights action, whether brought under § 1983 or *Bivens*, where the resolution of the claims could imply the invalidity of his conviction, until he first seeks and obtains relief from his conviction under 28 U.S.C. § 2255." *Stamper*, 46 F. App'x at 841; *cf. Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Williams cannot use § 1983 to do § 2255's service. He must pursue any ineffective assistance of counsel claim through § 2255. *See Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The fact that he may be barred by the successiveness doctrine does not give him license to misuse § 1983.

Plaintiff's case, which is patently frivolous and thus warrants no

"second chance" consideration,[4] should therefore be **DISMISSED WITH PREJUDICE**. The Court also **DENIES** his appointment of counsel,[5] jury-trial and summary judgment motions. Docs. 9, 10 & 11.

Meanwhile, it is time for Williams to pay the piper. Based on his furnished information, doc. 7 ($35.37 average monthly balance for the last six months), the Court has determined that he has had funds in his prison account during the past six months and therefore owes an initial partial filing fee of $7.07. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian (or designee) therefore shall

---

4. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x. 425, 426-427 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

For that matter, Williams' opportunity to object to this report and recommendation within fourteen days of service, *see* Fed. R. Civ. P. 72(b)(2), affords him an opportunity to resuscitate his case. He may also "submit an amended complaint as of right during that period, if he believes that the legal deficiencies noted herein can be cured by amendment." *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011).

5 Court-appointed counsel is warranted only in "exceptional cases." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). Williams has demonstrated ample ability to articulate his claims here and in the § 2255 context, *see supra* n. 2. Plus this is a frivolous, not an exceptional, case.

deduct $7.07 from Williams' account and remit to the Clerk of Court (payable to the "Clerk of Court") when enough additional payments are added to reach $10.00. The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. The Clerk shall implement this "payment" portion of this Report and Recommendation immediately, as it is Rule 71(a) ruling and thus not subject to the Rule 72(b)(2) Objection process.

**SO REPORTED AND RECOMMENDED** this  19th  day of January, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA