IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
FRANKLIN L. WILLIAMS,        *
                             *
        Plaintiff,           *
                             *
    v.                       *     CV 411-213
                             *
RICHARD M. DARDEN,           *
                             *
        Defendant.           *
```

**O R D E R**

Presently before the Court is Plaintiff's Motion for Relief from Judgment. (Doc. 43.) Plaintiff originally brought this action against Defendant alleging violations of 42 U.S.C. § 1983. (Doc. 1.) On January 31, 2012, the Court adopted the Magistrate Judge's Report and Recommendation that the case be dismissed with prejudice. (Doc. 16.) Plaintiff appealed that ruling, which the Eleventh Circuit affirmed and denied reconsideration (Docs. 25 & 26) and the Supreme Court denied certiorari (Doc. 31). Plaintiff also filed a motion to reopen his case, which was denied (Docs. 27 & 28); a motion for reconsideration, which was denied (Docs. 29 & 30); and another motion to reopen the case, which was denied (Docs. 33 & 34). Plaintiff again appealed to the Eleventh Circuit, which dismissed his appeal on April 15, 2014, and denied reconsideration on June 11, 2014. (Docs. 41 & 42.)

Plaintiff now moves this Court, pursuant to Federal Rule of Civil Procedure 60(b), to grant him relief from judgment. At the outset, Plaintiff's motion is hardly more than a series of legal phrases strung together in a page-long sentence. Accordingly, the Court strains to discern the exact basis for his claim, but nonetheless endeavors to do so.

Plaintiff cites Rule 60(b)(5), but repeatedly refers to the judgment against him as "void" without any indication as to why that is the case. Given Plaintiff's *pro se* status, the Court will thus construe his motion in the context of Rule 60(b)(4) ("judgment is void"); Rule 60(b)(5) (judgment is satisfied); and the residual section of Rule 60(b)(6) ("any other reason that justifies relief").

"Federal Rule of Procedure 60(b)(4) provides that a court may 'relieve a party or its legal representative from a final judgment' if 'the judgment is void.'" S.E.C. v. Lauer, No. 13-13110, 2015 WL 1782022, at *3 (11th Cir. Apr. 21, 2015) (quoting Fed. R. Civ. P. 60(b)(4)). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short . . . ." Id. (internal quotations omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the

opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

Neither a jurisdictional error nor a violation of due process is present in this case. Plaintiff asserted a 42 U.S.C. § 1983 claim, which clearly falls under federal question jurisdiction. And, as the plaintiff, Mr. Williams submitted himself to this Court's personal jurisdiction. Moreover, the Court can find no due process violation culminating in deprivation of notice or an opportunity to be heard. Indeed, Plaintiff filed numerous motions in this case prior to its disposition on the merits and, even after the case was finally resolved at the appellate level, continued to file motion after motion seeking reconsideration, all of which were ruled upon promptly.

Under Rule 60(b)(5), a court may relieve a party from judgment where "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Plaintiff cites this section as the basis for his motion; however, he presents no argument as to how it applies to this case. The Court, on independent review, finds that (1) the judgment in this case has not been satisfied or released; (2) an earlier judgment upon which Plaintiff's judgment was based was not reversed or vacated; and (3) equity does not demand releasing Plaintiff from the judgment.

Rule 60(b)(6) contains a final "catch all" provision, providing for relief from judgment based upon "any other reason

3

that justifies relief." "Relief from judgment under Rule 60(b)(6) is an extraordinary remedy. Consequently, relief under Rule 60(b)(6) requires showing extraordinary circumstances justifying the reopening of a final judgment." Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014) (internal quotations and citations omitted). No such extraordinary circumstances exist in this case.

Based on the foregoing, Plaintiff's motion for relief from judgment (doc. 43) is **DENIED**. The Court also issues this as its final warning to Plaintiff. The Honorable B. Avant Edenfield previously cautioned Plaintiff that "should he continue to file patently frivolous motions, his ability to seek redress with this Court will be sharply limited." (Doc. 34.) This case has run its course through the appellate system and the Court now considers it closed. Accordingly, the Court hereby **WARNS** Plaintiff that if he persists in this course of conduct, he will be deemed a serial abusive filer.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of June, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4