IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANKLIN L. WILLIAMS,

    Plaintiff,

v.

RICHARD M. DARDEN,

    Defendant.

CV 411-213

**O R D E R**

Before the Court is Plaintiff's most recent motion for relief from judgment. (Doc. 63.) After careful consideration, the Court **DENIES** Plaintiff's motion.

In 2011, Plaintiff initiated this action and asserted a claim under 42 U.S.C. § 1983 against his former defense counsel. Subsequently, the United States Magistrate Judge reported and recommended that Plaintiff's case be dismissed because he failed to allege that his lawyer acted under color of state law and because he was improperly attempting to use Section 1983 as a backdoor for a 28 U.S.C. § 2255 claim. (Doc. 12.) The Court adopted the Magistrate Judge's Report and Recommendation and closed this case on January 31, 2012. (Docs. 16-17.)

Since that time, Plaintiff has repeatedly filed frivolous motions.[1] For the most part, Plaintiff's motions have asked the Court to reconsider its dismissal of his claim. (See Docs. 27, 29, 33, 43, 46, 48, 49, 50, 51, 52, 53.) The motion presently before the Court is no different. Although Plaintiff now claims to have recently obtained "newly discovery [sic] evidence" that entitles him to relief from dismissal, this evidence consists of: (1) the publicly-available electronic docket from the 2007 appeal on which Plaintiff's underlying claims are based; and (2) a letter to Plaintiff from his former defense counsel dated January 14, 2007. Given their nature, both of these documents obviously could have been discovered with reasonable diligence by Plaintiff in time to move for a new trial under Rule 59(b). See FED. R. CIV. P. 60(b)(2); see also Waddell v. Hendry Cty. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) ("A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met."). Moreover, this "new" evidence is immaterial to the resolution of Plaintiff's claim;[2] regardless of whether Plaintiff's former

---

[1] Plaintiff has also filed three frivolous appeals, two of which have been dismissed as frivolous; the other is presently pending. (See Docs. 19, 35, 59; see also Docs. 25, 41 (dismissing appeals as frivolous).) Plaintiff has also sought – and been denied – reconsideration of the dismissal of his first two appeals to the Eleventh Circuit. (See Docs. 26, 42.)

[2] See Waddell, 329 F.3d at 1309 ("For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the

2

defense counsel was privately retained or publicly appointed, Plaintiff has failed to show that his former defense counsel "acted under color of state law." (See Doc. 12, at 1-3.) His other rehashed arguments fail for the same reasons explained by the Magistrate Judge in his Report and Recommendation and echoed numerous times by this Court and the Eleventh Circuit. (See Docs. 12, 16, 23, 25, 30, 34, 39, 41, 45, 47, 56.) Once again, Plaintiff has failed to establish a reason justifying reconsideration. See Ramos-Barrientos v. Bland, 728 F. Supp. 2d 1360, 1382-83 (S.D. Ga. 2010).

Based on the foregoing, Plaintiff's motion for relief from judgment (doc. 63) is **DENIED**. Plaintiff has been explicitly warned on numerous occasions that "should he continue to file patently frivolous motions, his ability to seek redress with this Court will be sharply limited" and that "he will be deemed a serial abusive filer." (See Docs. 34, 45, 47.) Moreover, the Court has informed Plaintiff on numerous occasions that the arguments he repeats *ad nauseam* are frivolous. (See Docs. 12, 16, 23, 25, 30, 34, 39, 41, 45, 47, 56.) Despite these warnings, Plaintiff has continued to file frivolous motions and other papers. (See, e.g., 43, 46, 48, 49, 50, 51, 52, 53, 54, 55, 57, 59, 61, 63.) Plaintiff's time has come. The Court will

---

evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." (citing Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000))).

no longer tolerate his frivolous filings because they impair the Court's ability to adjudicate the legitimate claims of other litigants. Accordingly, **the Court imposes the following restrictions on Plaintiff**:

1. As to any future civil actions sought to be commenced in forma pauperis ("IFP") by Plaintiff, the Clerk **SHALL** receive the papers, open a single miscellaneous file for tracking purposes, and forward the papers to the presiding judge for a determination as to whether Plaintiff qualifies for IFP status and whether he has stated a claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) will be **DISMISSED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the complaint, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider any future IFP application and complaint that Plaintiff endeavors to file, it will not necessarily enter an order addressing the IFP application or complaint. If no order is forthcoming, then **THIRTY (30) DAYS** after the complaint's receipt the Clerk **SHALL**,

4

without awaiting any further direction, notify Plaintiff that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

2. The Clerk **SHALL NOT DOCKET** any further motions or papers in this case. The Clerk also **SHALL NOT DOCKET** any further motions or papers in a case automatically dismissed pursuant to the directive above except for a notice of appeal. Any papers other than a notice of appeal **SHALL** be returned to Plaintiff unfiled. If Plaintiff files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Court of Appeals. Plaintiff **SHALL** remain responsible for appellate filing fees or he may move this Court to grant IFP status on appeal.

3. To ensure that all future pleadings filed by Plaintiff are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Plaintiff are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

4. Plaintiff may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN ONE (1) YEAR** from the date of this Order.

5. These filing restrictions do not apply to any criminal case in which Plaintiff is named as a defendant or to any proper application for a writ of habeas corpus.

6. A copy of this Order **SHALL** be forwarded to each judicial officer in this district.

**ORDER ENTERED** at Augusta, Georgia this 21st day of October, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA